UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSELITO MONTANEZ,

                Plaintiff,

-against-

WILLIAM LEE, *et al.*,

                Defendants.

14-cv-3205 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

Plaintiff Joselito Montanez ("Plaintiff") commenced this *pro se* action asserting claims pursuant to 42 U.S.C. § 1983 ("Section 1983") against Defendants William Lee, Edward Burnett, Mark Royce, Coleman Wilson, William Plimely, Ralph Garnot, Robert Cocuzza ("Cocuzza"), Duane Malark, Laura Stanaway, Angeline Stevenson, Michael E. Mills, Allen Deese, Alexander Mazzone, James Thorpe ("Thorpe"), and Richard Vance, all current or former employees of the New York State Department of Corrections and Community Supervision ("DOCCS"). Presently before the Court is Defendants Cocuzza and Thorpe motion pursuant to Fed. R. Civ. Pro. § 56 ("Rule 56") seeking summary judgment and dismissal of the Complaint. (ECF No. 108.) For the following reasons, the motion is GRANTED without opposition.

## BACKGROUND

**Procedural History**

Plaintiff commenced this action on or about April 25, 2014 asserting multiple Section 1983 and the Eight Amendment claims. (ECF No. 2.) By Orders dated June 30, 2014 and October

1

6, 2014, Plaintiff's complaint was dismissed without prejudice to repled. (ECF No.s 4 & 9.) On December 11, 2014, Plaintiff filed an Amended Complaint. (ECF No. 10.) The Amended Complaint is the operative complaint. By Opinion and Order, dated July 12, 2016, this Court dismissed all claims asserted except Plaintiff's Eight Amendment claims against Defendants Cocuzza and Thorpe. (ECF No. 71.)

**Facts**

In 2012, Plaintiff was an inmate at Green Haven Correctional Facility ("Green Haven"). (Amended Complaint ¶ 10). Cocuzza was employed by DOCCS and assign to Greenhaven as a sergeant. (ECF No. 110, Declaration in Support of Motion, Declaration of Robert Cocuzza, ("Cocuzza Decl."), ¶ 1.) Thorpe was employed by DOCCS and assigned to the Greenhaven as a corrections officer. (ECF No. 11, Declaration in Support of Motion, Declaration of James Thorpe, ("Thorpe Decl."), ¶ 1.)

On or about March 31, 202, Plaintiff was attacked by unknown inmates. (ECF No. 112, Declaration of Bradley Wilson, Deposition of Joselito Montanez ("Pltf. Dep.") 14:15-22). On June 25, 2012, Plaintiff was again attacked while in the bathroom of the Greenhaven law library by an unknown inmate, who repeatedly struck Plaintiff with a closed fist across his head and body. (the "Attack").[1] (Id. 93:5-94:6.) (Am. Compl. ¶ 15.) Plaintiff lost consciousness and fell to the floor, where he remained for approximately 45 minutes. (*Id*.) When Plaintiff regained consciousness, he noticed he was bleeding, the unknown assailant was not present, and no correctional officer was in the immediate vicinity. (*Id*.) Plaintiff walked several corridors yelling for help and lost consciousness again. (*Id*.) Plaintiff subsequently regained consciousness again and was treated by the Green Haven medical staff for his injuries. (*Id*. ¶ 19.)

---

[1] Although Plaintiff was attacked on two separate occasions, his claims against Defendants Cocuzza and Thorpe pertain to the June 25, 2012 attack. Therefore, the factual background focuses on the June 25, 2012 attack only.

Thereafter, Plaintiff received anonymous threats, such as: "want some cheese rat;" "your [sic] going to burn mickey" with a mouse's face; and "stop snitching bitch." (*Id*. ¶ 20.) A few days after the Attack, another inmate, identified as Flaco, informed Plaintiff that the reason he was attacked was because the assailant overheard Defendant Cocuzza telling Defendant Thorpe that Plaintiff was a "snitch." (*Id*.) Plaintiff never heard Cocuzza conversation with Thorpe wherein he called Plaintiff a snitch. (Declaration in Support of Motion, Deposition of Joselito Montanez, ("Pl. Dep.") ECF No. 112, 186:16 – 23; 212:21 - 23.) Plaintiff admits that the basis of his claim is that during a conversation, Cocuzza purportedly refered to Plaintiff as a snitch. (Pl. Dep. 226:2 – 7). Plaintiff, however, has no personal knowledge ("cannot say") that it was Cocuzza or Thorpe who referred to him as a snitch in the vicinity of other inmates. (*Id.* at 212:15 – 19.) His allegations are merely based on "what [he] believe[s] was told to [him] by other individuals." (*Id*.) In their respective depositions, Cocuzza and Thorpe deny having any conversation in which they referred to Plaintiff as a "snitch" or otherwise discussed his reputation at Green Haven. (Cocuzza Decl. ¶ 5; Thorpe Decl. ¶ 5.)

## STANDARDS OF REVIEW

**Summary Judgment**

Pursuant to Rule 56, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of pointing to evidence in the record, inclusive of deposition testimony, documents, affidavits and declarations (see Fed. R. Civ. P. 56(c)(1)(A)), "which it believes demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party may support an assertion

that there is no genuine dispute of a particular fact by "showing . . . that [the] adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(B). If the moving party fulfills its preliminary burden, the onus shifts to the nonmoving party to raise the existence of a genuine issue of material fact. Fed. R. Civ. P. 56(c)(1)(A); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

A genuine dispute of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; accord *Gen. Star Nat'l Ins. Co. v. Universal Fabricators, Inc.*, 585 F.3d 662, 669 (2d Cir. 2009); *Roe v. City of Waterbury*, 542 F.3d 31, 35 (2d Cir. 2008); *Benn v. Kissane*, 510 F. App'x 34, 36 (2d Cir. 2013) (summary order). Courts must "draw all rational inferences in the non-movant's favor," while reviewing the record. *Kirkland v. Cablevision Sys.*, 760 F.3d 223, 224 (2d Cir. 2014) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Importantly, "the judge's function is not himself to weigh the evidence and determine the truth of the matter," nor is it to determine a witness's credibility. *Anderson*, 477 U.S. at 249; see also *Kaytor v. Elec. Boat Corp.*, 609 F.3d 537, 545 (2d Cir. 2010). Rather, "the inquiry performed is the threshold inquiry of determining whether there is the need for a trial." *Anderson*, 477 U.S. at 250. Summary judgment should be granted when a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex*, 477 U.S. at 322.

Critically, in an opposition to a motion for summary judgment "[s]tatements that are devoid of any specifics, but replete with conclusions" will not suffice. *Bickerstaff v. Vassar Coll.*, 196 F.3d 435, 452 (2d Cir. 1999); see also *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts"); *FDIC v. Great Am. Ins. Co.*, 607 F.3d 288, 292 (2d

Cir. 2010) (nonmoving party "may not rely on conclusory allegations or unsubstantiated speculation" (quoting *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998))).

The courts in this Circuit impart supplemental guidelines when applying summary judgment motions involving *pro se* plaintiffs, noting special latitude in responding to a summary judgment motion. *Elastic Wonder, Inc. v. Posey*, 179 F. Supp. 3d 307, 310 (S.D.N.Y. 2016). As such, courts must "read the pleadings of a *pro se* plaintiff liberally" and "raise the strongest arguments that they suggest." *McPherson v. Coombe*, 17 F.3d 276 (2 Cir. 1999). However, this lenient standard "does not relieve plaintiff of his duty to meet the requirements necessary to defeat a motion for summary judgment." *Jorgensen v. Epic/Sony Records,* 351 F.3d 46, 50 (2d Cir.2003). If a summary judgment motion is unopposed, "uncontroverted facts in the moving party's statement pursuant to Local Rule 56.1 are deemed admitted." *See Giannullo v. City of New York*, 322 F.3d 139, 140 (2d Cir. 2003). A *pro se* litigant's "'bald assertion, completely unsupported by evidence' is not sufficient to overcome a motion for summary judgment." *Johnson v. City of New York*, No. 15-CV-403, 2016 WL 7335663, at *2 (S.D.N.Y. Dec. 16, 2016).

**Section 1983**

Section 1983 authorizes a suit in law, equity, or "other proper proceeding for redress" against any person who, under color of state law, "subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws...." 42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights," but is a vehicle for vindicating federal rights embedded in the United States Constitution and federal statutes. *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *see also Patterson v. County of Oneida*, 375 F.3d 206, 225 (2d Cir. 2004). Therefore, a Section 1983 claim has two essential

elements: "(1) the challenged conduct was attributable to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed by the U.S. Constitution." *Castilla v. City of New York*, No. 09-CV-5446, 2013 WL 1803896, at*2 (S.D.N.Y. April 25, 2013); *see also Annis v. Cnty of Westchester*, 136 F.3d 239, 245 (2d. Cir. 1998).

**Eighth Amendment**

The Eighth Amendment's protection extends beyond claims of a disciplinary context and can encompass situations of deliberate indifference when a "corrections officer identifies an inmate as being an informant or 'snitch' in front of other inmates." *Cruz v. City of New York*, No. 13-CV-2327 AT, 2015 WL 464021, at *4 (S.D.N.Y. Jan. 30, 2015) (*citing to Campbell v. Gardiner*, 12-CV-6003, 2014 WL 906160, at *4 (W.D.N.Y. Mar. 7, 2014); *see also Allah v. Juchnewioz,* 93-CV-8813, 1999 WL 562100, *3 (S.D.N.Y. July 30, 1999) (recognizing "the dangers a prisoner faces from his fellow inmates when labeled a snitch or informant"). While "'the spreading of rumors [by a corrections officer] alone does not amount to a constitutional violation,'" (*Bouknight v. Shaw*, No. 08-cv-5187 (PKC), 2009 WL 969932, at *4 (S.D.N.Y. Apr. 6, 2009) (quoting *Williams v. Mullen*, No. 98-cv-5204 (BSJ), 2001 WL 936297, at *4 (S.D.N.Y. Aug. 17, 2001)) "a prisoner can state a claim under the Eighth Amendment against a corrections officer who spreads malicious rumors about him if the rumors 'incited other inmates to assault [the plaintiff] . . ., thereby placing him at grave risk of physical harm.'" *Bouknight*, 2009 WL 969932, at *4 (quoting *Young v. Coughlin*, No. 93-cv-262 (DLC), 1998 WL 32518, at *7 (S.D.N.Y. Jan. 29, 1998)).

Nonetheless, if the plaintiff fails to allege, with concrete facts, that he has suffered an objectively "sufficiently serious" injury or that the corrections officer acted with a "sufficiently culpable state of mind," then the claim must be dismissed. *Bouknight v. Shaw*, 08-CV-5187 PKC,

2009 WL 969932 at *4 (S.D.N.Y April 6, 2009). The objective prong focuses on the conduct's effect. *Quezada v. Roy*, 14-CV-4056 CM, 2017 WL 6887793 at *14 (S.D.N.Y December 14, 2017). Therefore, the plaintiff must establish that the "inmate suffered actual harm as a result of being labeled a snitch, or, at the very least that the defendant's actions gave rise to an excessive risk to the inmate's safety." *Quezada* at *14 (*quoting Abney v. Jopp*, 655 F. Supp. 2d 231, 233 (W.D.N.Y. 2009). Under the subjective prong, a plaintiff must allege that the defendant acted "maliciously and sadistically to cause harm" or, at least, was deliberately indifferent to "an excessive risk to inmate health or safety." *Trammell v. Keane*, 338 F.3d 155, 162 – 63 (2d Cir. 2003).

## DISCUSSION

Defendants argue that Plaintiff's claims should be dismissed because they are not supported by admissible evidence. Defendant's contend that Plaintiff's allegations are entirely based upon information garnered from third parties. In support, Defendants submit Plaintiff's deposition testimony in which he admits that he himself never heard Cocuzza tell Thorpe that Plaintiff was a snitch and that he cannot definitively say that this conversation even took place. (Pl. Dep. 186:16 – 23; 212:14 – 23.) Moreover, Defendants submit the sworn statements from Cocuzza and Thorpe wherein they aver that they never had a conversation referencing Plaintiff's reputation and denied referring to the Plaintiff a snitch. (Cocuzza Decl. ¶ 5; Thorpe Decl. ¶ 5.) Plaintiff did not submit any evidence to refute their sworn testimony..

Defendants have demonstrated entitlement to the relief request. Defendants have proffered sufficient admissible evidence to demonstrated that there are no genuine material issues of fact. Defendants have shown that they did not refer to or call Plaintiff a "snitch." Plaintiff has not proffered admissible evidence to show a genuine issue for trial which compels dismissal of his

7

claims. *Watson v. McGinnis*, 981 F. Supp. 815 (S.D.N.Y 1997) (granting summary judgment against plaintiff for failure to submit admissible evidence that defendant called him a snitch).

The crux of Plaintiff's claim rests entirely on the assertion that other inmates purportedly overheard Defendants Cocuzza and Thorpe discussing Plaintiff's reputation and referring to him as a snitch. (Pl. Dep. 186:16 – 19; 212:15 – 19; 226:2 – 7). [O]nly admissible evidence need be considered by the trial court in ruling on a motion for summary judgment," and a "district court deciding a summary judgment motion has broad discretion in choosing whether to admit evidence." *Presbyterian Church of Sudan v. Talisman Energy*, Inc., 582 F.3d 244, 264 (2d Cir.2009). "Hearsay" is generally defined as an out of "statement, other than one made by the declarant "offered in evidence to prove the truth of the matter asserted. Fed. R. Evid. § 801(c); *Riisna v. Am. Broad. Companies, Inc*., 219 F. Supp. 2d 568, 572 (S.D.N.Y. 2002). Plaintiff's assertion that he was informed by other inmates that Cocuzza and Thorpe referred to him as a snitch meets the classic definition of a hearsay statement. Absent an exception, hearsay is is inadmissible evidence. See Fed. R. Evid. § 802: *U.S. v. Graham*, 718 F. App'x 78, 80 (2d Cir. 2018).

Secondly, there is insufficient evidence in the record to support Plaintiff's Eighth Amendment claim that Defendants acted with the requisite culpability of deliberate indifference. *Cruz v. City of New York*, 13-CV-2327, 2015 WL 464021 *4, (S.D.N.Y Jan. 30, 2015). For a defendant to be culpable, he 'must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists.'" *Bridgewater v. Taylor*, 698 F. Supp. 2d 351, 358 (S.D.N.Y. 2010) (*citing Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994). No such showing has been made here. Because Plaintiff's Eighth Amendment claim is completely unsupported by evidence and fails to show a genuine issue of material fact, it is insufficient to overcome

Defendants' motion for summary judgment. *Snell v. Beth Israel Med Ctr.*, No. 98 CIV. 2761 (DLC), 1999 WL 191550, at *2 (S.D.N.Y. Apr. 6, 1999) (citing *Carey v. Crescenzi*, 923 F.2d 18, 21 (2d Cir.1991).[2]

## CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment is GRANTED in its entirety. All of Plaintiff's remaining claims are DISMISSED in accordance with this Opinion and Order. The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 108, enter judgment in favor of Defendants, and close the case. The Clerk of the Court is further directed to mail a copy of the Opinion and Order to Plaintiff and to show proof of service on the docket.

Dated: March 28, 2019
       White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge

---

[2] Defendants also contend that they are entitled to summary judgment based on the qualified immunity. The claims brought against all Defendants in their official capacities are dismissed for Plaintiff's failure to offer "concrete evidence from which a reasonable juror could return a verdict in his favor." *Anderson*, 477 U.S. 242, 256 (1986). As such, the Court does not address the remaining qualified immunity.

9